24 N.Y.2d 996 (1969)
In the Matter of Robert Puentes, Appellant,
v.
Board of Education of Union Free School District No. 21 of Town of Bethpage, Respondent.
Court of Appeals of the State of New York.
Reargued April 15, 1969.
Decided May 28, 1969.
Ernest Fleischman, Stephen F. Gordon and Martin R. Ganzglass for appellant.
Leo F. McGinity and Louis N. Orfan for respondent.
C. Ellis Schiffmacher and James T. Rochford for Council of School Superintendents of the State of New York, amicus curiæ.
Chief Judge FULD and Judges BURKE, BERGAN and BREITEL concur in memorandum; Judge JASEN dissents and votes to affirm in an opinion in which Judge SCILEPPI concurs.
*998 MEMORANDUM.
Upon reargument: the order of the Appellate Division should be reversed, without costs, and the determination of respondent annulled. Petitioner's letter was indiscreet and properly found to be embarrassing to the teacher on whose purported behalf it was sent. However, whatever factual inaccuracies were present in the letter related to teacher observation reports to which petitioner had no access. Hence, the inaccuracies were not the result of reckless or intentional falsehood. The other strident and, therefore, unnecessary comments were excessive characterizations and inferences and no worse. Since the letter's distribution was limited to the school system and the contents were arguably within the free speech protections laid down in Pickering v. Board of Educ. (391 U. S. 563), there was lacking substantial evidence to warrant disciplinary action.
The fact was that a teacher trained and experienced elsewhere, with a record for highly satisfactory achievement, did not conform to the local standards and "philosophy" of teaching. This understandably led to disagreement between those who accepted the teacher's record as known to them and the administrators, who also knew the record, but concluded on a reasonable basis that the teacher had been unable after a two-year trial to adapt to the local pattern.
There is no suggestion in the record that petitioner's indiscretions led to any deleterious effects within the school system, and it is unlikely that they should have. Indiscreet bombast in an argumentative letter, to the limited extent present here, is insufficient to sanction disciplinary action. Otherwise, those who criticize in an area where criticism is permissible would *999 either be discouraged from exercising their right or would be required to do so in such innocuous terms as would make the criticism seem ineffective or obsequious.
Overall, a single incident was permitted by the petitioner, and later by the school administration, to be elevated into an issue quite disproportionate to the occasion. Concededly, petitioner's direct teaching and in-class performance were correct and were not affected by the writing or sending of the letter.
It should only be noted that petitioner's status as a union official did not give him, in this context, any greater privilege of speech or conduct than he had as an interested teacher, although such status was the occasion for his writing the letter.
As for petitioner's refusal to answer questions before obtaining the advice of counsel, the record is sparse and respondent has never made the charge based on such refusal a principal or substantial ground for its action. Moreover, the refusal was, at worst, qualified and was involved heavily with the issues affecting the objectionable letter and petitioner's status as a union official. Hence, this charge should not be treated other than as an appendage to the main charge, and in any event would not, under the circumstances, warrant the discipline imposed.
JASEN, J. (dissenting).
Appellant was charged with "Conduct Unbecoming a Teacher" and "Insubordination". The latter charge consisted of two counts: the first alleged that writing and circulating the letter was an insubordinate act; and the second count arose out of appellant's refusal, unless aided by counsel, to answer questions asked by the Superintendent of the District (to wit, whether appellant had circulated the copies of the letter and whether this had been done on school time).
Appellant was found guilty of all charges and was suspended for seven and a half months on the charge of "Conduct Unbecoming a Teacher" and for seven and a half months on each count of "Insubordination", such suspensions to run concurrently.
Since distribution of the letter was limited to the school system, and its contents were within the free speech protection laid down in Pickering v. Board of Educ. (391 U. S. 563), I agree with the holding of the majority insofar as it reverses appellant's suspension for writing and circulating the letter.
*1000 However, as to the second count of insubordination (i.e., refusing to answer the Superintendent's questions about the letter), I would affirm.
The Superintendent of Schools is the chief supervisory officer of the district and as such has a legitimate interest in the activities of the students, faculty and administration. Further, he has a duty to make inquiry into matters involving the district which warrant investigation.
Here, the Superintendent considered that the letter in question and its distribution to the School Board, the administrative officials and teachers, partly through the interschool mail system, required investigation. The charges made in the letter, if true, might have warranted action by the Superintendent to correct them. Furthermore, it was proper for the Superintendent to investigate whether the circulation of the letter was being carried on through school facilities on school time. Petitioner's signature on the letter indicated that the inquiry might properly begin with him.
However, appellant thwarted the investigation by refusing to answer any questions without the aid of counsel.
It is clear that appellant had no right to have counsel present while he was being questioned by his superior about matters relating to the school district and his employment activities. (Matter of Groban, 352 U. S. 330; Anonymous v. Baker, 360 U. S. 287; Madera v. Board of Educ., 386 F.2d 778, cert. den. 390 U. S. 1028.) It is equally apparent that since the answers to these questions would not have subjected appellant to criminal punishment and were directly related to his employment, he was under a duty to answer them. (Gardner v. Broderick, 392 U. S. 273; Beilan v. Board of Educ., 357 U. S. 399.) Hence, the board was completely justified in finding appellant insubordinate.
While the Constitution protects the individual's right to freedom of expression, it does not sanction every activity which may be tangentially related to that expression.
Upon reargument: Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the memorandum herein.